UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20048-BLOOM/Elfenbein

NATACHA JEAN-FRANCOIS,

    Plaintiff,

v.

THE CITY OF NORTH MIAMI,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant the City of North Miami's Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), ECF No. [42], filed on July 30, 2025. Plaintiff Natacha Jean-Francois filed a Response, ECF No. [44], to which Defendant filed a Reply. ECF No. [45]. The Court has reviewed the record, the Response, the Reply, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

Plaintiff filed the instant action against Defendant on January 6, 2025. ECF No. [1]. On May 13, 2025, the Court dismissed the Complaint without prejudice. ECF No. [28]. Plaintiff was granted leave to file an Amended Complaint, which she filed on July 2, 2025. ECF No. [38].

For purposes of the Motion, the Court accepts the following allegations in the Amended Complaint as true. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1081 (11th Cir. 2002). Plaintiff is a Haitian-American female who was employed by the City of North Miami's Police Department as a Crisis Intervention Specialist/Victim Advocate from January 24, 2011 until she was terminated in February 2023. ECF No. [38] ¶ 4. Plaintiff received "no unsatisfactory performance reviews, no discipline, and multiple written commendations until

Case No. 25-cv-20048-BLOOM/Elfenbein

February 2021." *Id.* ¶ 6. "On February 12, 2021, Plaintiff was physically attacked and harassed at work by two on-duty North Miami Police Officers." *Id.* ¶ 9. Plaintiff then filed complaints with the City, the Florida Commission on Human Relations ("FCHR"), and the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 10.

From February 2021 to November 2022, "Plaintiff was subjected to threatening behavior by colleagues and supervisors, physical attack, and derogatory comments. One North Miami Police officer who attacked her made a comment that she was 'sticking with my own kind, the Haitians.'" *Id.* ¶ 11. Although she had never been disciplined before, "Plaintiff received back-to-back untrue write-ups with each discipline consisting of both reprimands and suspensions[.]" *Id.* ¶ 12. Defendant "issued a Notice of Intent to Terminate on April 8, 2022, and terminated Plaintiff on February 6, 2023." *Id.* ¶ 13.

Plaintiff timely appealed on February 13, 2023. *Id.* ¶ 15. In violation of its own Civil Service Rules, Defendant failed to schedule the required appeal hearing within the mandated timeframe. *Id.* "After six days of hearings from June 26 through October 16, 2023, the Personnel Board unanimously voted to reinstate Plaintiff with full back pay and benefits, and ordered the City's police department to undergo training." *Id.* ¶ 16. "The Personnel Board's unanimous decision was based on findings that the City's disciplinary actions were pre-textual and retaliatory in nature." *Id.* ¶ 18. Defendant refused to reinstate Plaintiff to her prior position, offering "only a lesser secretarial position." *Id.* ¶ 19. Defendant "threatened that if [Plaintiff] didn't accept by November 30, 2023, she would not be reinstated or paid back pay." *Id.* "When questioned about compliance with the Personnel Board's order, the City's HR Director acknowledged there was no vacant equivalent position, yet the City continued to refuse proper reinstatement." *Id.* ¶ 20.

On July 8, 2024, the EEOC found reasonable cause to believe violations of Title VII occurred. *Id.* ¶ 22. After the EEOC's conciliation efforts were unsuccessful, the case was

2

forwarded to the Department of Justice ("DOJ"). *Id.* ¶ 23. On October 10, 2024, the DOJ declined to file suit and issued a Notice of Right to Sue. *Id*. Plaintiff states she has suffered "loss of income, benefits, job security, reduced quality of life, public embarrassment and humiliation, increasing debt, mental anguish, mental and physical pain and suffering, and incurred legal fees as a result" of Defendant's actions. *Id.* ¶ 24.

Plaintiff filed an Amended Complaint, alleging National Origin Discrimination in Violation of Title VII (Count I); Retaliation in Violation of Title VII (Count II); Hostile Work Environment in Violation of Title VII (Count III); Violation of Procedural Due Process Under 42 U.S.C. § 1983 (Count IV);  Violation of Substantive Due Process Under 42 U.S.C. § 1983 (Count V); and Violation of Equal Protection Clause Under 42 U.S.C. § 1983 (Count VI). ECF No. [38]. Defendant argues the Amended Complaint should be dismissed because Plaintiff has failed to (1) state a cause of action for her claims under Section 1983; (2) allege that she satisfied all conditions precedent for her Title VII claims; (3) state a cause of action for discrimination under Title VII; (4) state a cause of action under the Equal Protection Clause; (5) state a claim for hostile work environment; (6) state a claim for retaliation under Title VII; and (7) request a Notice of Right to Sue regarding any claim for discrimination or retaliation based on Defendant's decision not to reinstate her. ECF No. [42]. In Response, Plaintiff argues: (1) she has adequately pleaded her Title VII claims and satisfied all conditions precedent; (2) she had adequately pleaded her Section 1983 claims; and (3) Defendant's arguments regarding pending charges are premature. ECF No. [44]. In Reply, Defendant reaffirms: (1) Plaintiff has not adequately plead her Title VII claims or satisfied all conditions precedent; (2) Plaintiff has failed to plead her Section 1983 claims; and (3) Plaintiff's argument regarding her pending charge lacks legal merit. ECF No. [45].

## II.     LEGAL STANDARD

### A.  Motion to Dismiss

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-cv-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to dismiss, the Court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

It is well-settled that:

> where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

"[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

## III.   DISCUSSION

### A. Section 1983 Claims: Counts IV, V, and VI

Under Count IV, Plaintiff alleges that Defendant "deprived Plaintiff of her procedural due process rights under the Fourteenth Amendment by failing to provide a timely appeal hearing as required by its own Civil Service Rules." ECF No. [38] ¶ 38. Under Count V, Plaintiff alleges that "Defendant's actions in terminating Plaintiff and refusing to comply with the Personnel Board's reinstatement order were arbitrary, capricious, and shocking to the conscience[,]" thereby violating her "substantive due process rights under the Fourteenth Amendment." *Id.* ¶¶ 42-43. Under Count VI, Plaintiff alleges that "Defendant treated Plaintiff differently from similarly situated employees based on her national origin, in violation of the Equal Protection Clause of the Fourteenth Amendment." *Id.* ¶ 45.

Defendant argues that Plaintiff has failed to plead a municipal custom or policy, which is a necessary element to establishing municipal liability under Section 1983. ECF No. [42] at 3 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). On May 12, 2025, the Court stated in its previous order dismissing Plaintiff's original Complaint ("Order Dismissing Complaint"):

> In *Monell v. Department of Social Services of the City of New York*, the United States Supreme Court held that local governments could be sued under Section 1983 "for monetary, declaratory or injunctive relief" where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978). The Supreme Court also stated that "local governments, like every other [Section] 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690-91

ECF No. [28] at 10.

Furthermore, the Eleventh Circuit has stated that a plaintiff can establish municipal liability under *Monell* by: "(1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citing *Cuesta v. Sch. Bd. of Miami-Dade Cnty.*, 285 F.3d 962, 966-68 (11th Cir. 2002)). In order to "evaluate whether the decision of a single official is sufficient to give rise to municipal liability," courts consider certain "guiding principles," including that "[t]he challenged action must have been taken pursuant to a policy adopted by the official or officials responsible for making policy in that particular area of the city's business, as determined by state law." *Id.* (quoting *Martinez*, 971 F.2d at 713).

Plaintiff argues that the "Personnel Board's unanimous finding that Plaintiff should be reinstated, combined with the City's refusal to comply with that order, demonstrates a policy-level decision to violate Plaintiff's constitutional rights. This goes beyond the single incident of delayed hearing previously considered by the Court." ECF No. [44] at 4. In support of her argument that there was a "broader pattern of constitutional violations[,]" Plaintiff refers to her allegations in the Amended Complaint that Defendant "refus[ed] to comply with the Personnel Board's

6

reinstatement order, and create[ed] a hostile work environment based on national origin[, which] constitute[s] deliberate municipal indifference." *Id.*

As an initial matter, Plaintiff does not cite any case law to support the proposition that a defendant's actions—which were solely taken as to a single individual—may constitute an "unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law[.]" *Chabad*, 48 F.4th at 1229. Even assuming, *arguendo*, that constitutional violations against a single individual could constitute an unofficial custom or widespread practice sufficient to establish municipal liability, Plaintiff does not allege that the practices were so "longstanding and widespread" that they were "deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)). Indeed, Plaintiff alleges that from January 24, 2011 to February 2021, she had "no unsatisfactory performance reviews, no discipline, and multiple written commendations[.]" ECF No. [38] ¶ 6. It was not until February 12, 2021 when "Plaintiff was physically attacked and harassed at work by two on-duty North Miami Police Officers[,]" that Plaintiff alleges Defendant "created a hostile work environment where Plaintiff was subjected to threatening behavior by colleagues and supervisors, physical attack, and derogatory comments." *Id.* ¶ 11. However, Defendant argues, Plaintiff "does not even identify a city official, with policy making authority, who subjected or caused her to be subjected to discrimination." ECF No. [45] at 7.

Plaintiff fails to explain "how the 'rejection' of the determination of the Personnel Board and that of the EEOC constitutes either a policy or custom." ECF No. [45] at 7. Plaintiff's argument that there was a "policy-level decision to violate Plaintiff's constitutional rights[,]" assumes that Defendant's refusal to comply with the Personnel Board's finding that Plaintiff should be

7

reinstated inherently violated Plaintiff's constitutional rights. *Id.* However, as Defendant correctly points out, public employment is not a fundamental right protected by substantive due process. *Jolibois v. FIU Bd. of Trs.*, 92 F. Supp. 3d 1239, 1250 (S.D. Fla. 2015) (citing *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir. 1994)). It is also unclear what actions Plaintiff argues Defendant took to "reject the determination of . . . the EEOC[.]" ECF No. [44] at 5. To the extent Plaintiff is referring to the EEOC's finding on July 8, 2024 that there was "reasonable cause to believe violations of Title VII occurred," Plaintiff does not allege that Defendant took any further action against her following the determination. ECF No. [38] ¶ 22. If Plaintiff is arguing that the EEOC's reasonable cause finding in and of itself is evidence of that "that she was subjected to a hostile work environment, disparate treatment, and suspensions based upon her national origin, and termination in violation of Title VII[,]" *id.*, Defendant correctly points out that an EEOC reasonable cause determination "is not an adjudication of rights and liabilities. Indeed, it is a nonadversary proceeding designed to notify the employer of the EEOC's findings, which is not reviewable in court and not binding on the employer." ECF No. [45] at 4 (quoting *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1289 (11th Cir. 2008)).

Because Plaintiff has failed to allege an official policy, an unofficial custom or widespread practice, or a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights, Plaintiff cannot establish *Monell* liability. Therefore, Plaintiff's Section 1983 claims are dismissed.

**B. Title VII Claims: Counts I, II, and III**

In order to bring a claim under Title VII, a plaintiff must first file a complaint with the EEOC and receive statutory notice from the EEOC of her right to sue the respondent named in the charge. *Burnett v. City of Jacksonville, FL*, 376 F. App'x 905, 906 (11th Cir. 2010) (quoting *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996)). A plaintiff

8

must also "generally allege in [her] complaint that all conditions precedent to the institution of the lawsuit have been fulfilled." *Id.* at 906-07 (quoting *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)). If a defendant denies that a condition precedent has occurred or been performed, they "must do so with particularity." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010) (quoting Fed. R. Civ. P. 9(c)). "Should a defendant make that denial, '[t]he plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied.'" *Id.* (quoting *Jackson*, 678 F.2d at 1010).

Plaintiff states that she filed complaints with Defendant, FCHR, and the EEOC "for unlawful prohibited activity." ECF No. [38] ¶ 10. She also states that she received a Notice of Right to Sue on October 10, 2024. *Id.* ¶ 23. However, Defendant states[1] it "has a record of two Notices of Right to Sue, one issued on April 28, 2022 (Charge No. 15D-2021-00451), and another on June 16, 2023 (Charge No. 510-2022-07920)." ECF No. [42] at 7. Defendant contends a "Notice of Right to Sue was issued in connection with Charge No. 510-2021-02724 however this was rescinded by the EEOC on September 14, 2023. [Defendant] did not receive another notice linked to this charge since then." *Id.* at 7 n.3. Therefore, Plaintiff was required to file suit regarding the claims in Charges -00451 and -07920 by July 27, 2022 and September 14, 2023, respectively. *Id.*

---

[1] Defendant attached to its Motion to Dismiss: (1) the charges of discrimination filed by Plaintiff since 2021; (2) the Notices of Right to Sue; and (3) additional information Defendant received from the EEOC. *See* ECF Nos. [42-1]-[42-3]. [1] The Court may consider the first two documents without converting the Motion into a motion for summary judgment because they are "(1) central to the plaintiff's claim; and (2) undisputed . . . . 'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citation omitted). The charges of discrimination and Notices of Right to Sue are central to the requirement that Plaintiff exhaust administrative remedies. Additionally, Plaintiff has not challenged the authenticity of the documents. *Id.* (considering EEOC Notice on motion to dismiss because it was "central" to Plaintiff's "allegation that she had exhausted her administrative remedies" and Plaintiff did not challenge the Notice's authenticity). Therefore, the Court may consider the documents. However, the Court need not consider the additional information Defendant received from the EEOC to resolve the instant Motion.

at 7. "However, Plaintiff filed her initial Complaint on January 6, 2025—well past the 90-day deadline linked to both Notices of Right to Sue." *Id.*

Because Defendant has denied the condition precedent that Plaintiff timely file suit with particularity, the burden is on Plaintiff "to produce evidence that all conditions precedent to suit are satisfied." *Vason v. City of Montgomery, Ala.*, 86 F. Supp. 2d 1130, 1132 (M.D. Ala. 2000) (citing *Jackson*, 678 F.2d at 1010), *aff'd*, 240 F.3d 905 (11th Cir. 2001). In Response, Plaintiff does not clarify which EEOC Charge Number is associated with the Notice of Right to Sue she alleges was issued on October 10, 2024, nor does she attach the Notice of Right to Sue. Plaintiff only attaches a "Timeline" in which she reiterates that on October 10, 2024, "[t]he Department of Justice declines to file suit and issues a Notice of Right to Sue[.]" ECF No. [44] at 10. Although Plaintiff acknowledges that she received at least one Notice of Right to Sue from the EEOC before October 10, 2024, Plaintiff argues that the Notice was improperly issued because only the Department of Justice has the statutory authority to issue a right to sue against a municipality. *Id.* at 2 (citing *Dague v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 328 (N.D. Ga. 1983)). In *Dague*, the district court interpreted 42 U.S.C. § 2000e-5(f)(1) as requiring "the plaintiff [to] first obtain a right to sue notice from the Attorney General, not the EEOC. The EEOC has no authority under this section to issue a right to sue notice against a governmental unit." 99 F.R.D. at 328. However, as Defendant argues, this Court is bound by *Stamper v. Duval County School Board*, in which the Eleventh Circuit acknowledged the regulation "that requires that the Attorney General issue the notice of the right to sue when a party files a charge against a government, governmental agency, or political subdivision[,]" but nonetheless concluded that "[w]hether the Commission or the Department of Justice issued the second notice of the right to sue makes no difference in this appeal." 863 F.3d 1336, 1339 (11th Cir. 2017). The Eleventh Circuit determined that because 29 C.F.R. § 1601.19(b) "contemplates the issuance of a new notice of the right to sue only when the

10

original notice was revoked . . . the regulation does not allow the Department of Justice to issue a new notice of the right to sue when the original notice was not revoked." *Id.* at 1340.

Furthermore, as the Court stated in its Order Dismissing Complaint:

> [b]ecause Plaintiff does not state which allegations are associated with which EEOC charge number or whether the October 10, 2024 letter was the first Notice of Right to Sue that she received in connection with charge number 510-2021-02724, it is not possible to determine on the face of the Complaint whether any Title VII claims are timely. Because Plaintiff has the burden to establish the conditions precedent to bringing suit and she has failed to do so, the Title VII claims must be dismissed for failure to state a claim. *Burnett*, 376 F. App'x at 906-07.

ECF No. [28] at 10.

Plaintiff was warned that she had the burden to establish the conditions precedent to bringing suit but failed to do so. Therefore, Plaintiff's Title VII claims are dismissed.

## IV. LEAVE TO AMEND

At the time Plaintiff filed her original Complaint, she was proceeding *pro se*. Accordingly, when the Court dismissed the Complaint as a shotgun pleading, the Court "explain[ed] how the pleading violates the shotgun-pleading rule" and gave her the "opportunity to re-plead the complaint." ECF No. [28] at 11 (quoting *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018)). Following the dismissal, Plaintiff retained counsel. ECF No. [33].

Defendant moved to dismiss the Amended Complaint with prejudice. ECF No. [42]. The deadline to amend pleadings has passed and Plaintiff has not requested leave to amend the Complaint a second time, nor has she shown good cause to amend the Scheduling Order. ECF No. [17]; Fed. R. Civ. P. 16(b)(4). Therefore, the Court will not *sua sponte* grant Plaintiff leave to amend.

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [42]**, is **GRANTED;**

2. The Amended Complaint, **ECF No. [38]**, is **DISMISSED WITH PREJUDICE;**

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record