UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20048-BLOOM/Elfenbein

NATACHA JEAN-FRANCOIS,

    Plaintiff,

v.

THE CITY OF NORTH MIAMI,

    Defendant.

_____/

### ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Natacha Jean-Francois's Motion for Rehearing ("Motion"), ECF No. [55], filed on November 22, 2025. Defendant The City of North Miami filed a Response, ECF No. [56], to which Plaintiff filed a Reply. ECF No. [57]. Plaintiff also filed a Notice of Supplemental Authority. ECF No. [58]. The Court has considered the Motion, the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the case and provides only the background necessary to resolve the instant Motion. Plaintiff filed the instant action against Defendant on January 6, 2025. ECF No. [1]. On May 13, 2025, the Court dismissed the Complaint without prejudice. ECF No. [28]. Plaintiff was granted leave to file an Amended Complaint, which she filed on July 2, 2025. ECF No. [38]. Defendant filed a second Motion to Dismiss and, on November 17, 2025, the Court granted the second Motion to Dismiss and dismissed the Amended Complaint with prejudice ("Order"). ECF No. [54].

## II. LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

## III. DISCUSSION

Plaintiff argues that the Court erred in dismissing Plaintiff's Title VII claims as untimely, based on "a misapprehension—that the EEOC's notice was validly issued and legally effective to trigger the statute of limitations." ECF No. [55] at 1. Plaintiff argues that pursuant to 42 U.S.C. § 2000e-5(f)(1), only the Attorney General may issue a Notice of Right to Sue against a state or local government unit. *Id.* Therefore, because the Notice of Right to Sue "was void *ab initio* . . . it could not commence the 90-day filing period. Only the Department of Justice's October 10, 2024 Notice of Right to Sue was legally effective." *Id.* at 2. Specifically, Plaintiff

argues that the Court erred in relying on *Stamper v. Duval County School* Board, 863 F.3d 1336 (11th Cir. 2017) because (1) *Stamper* was based on EEOC regulations, not statutory authority; (2) *Stamper* is factually distinguishable because it involved a request for revocation; and (3) *Stamper* did not address the threshold statutory authority question. ECF No. [55] at 5-8.

Defendant responds that (1) Plaintiff has not satisfied her burden in seeking reconsideration; (2) Plaintiff misinterprets 42 U.S.C. § 2000e-5(f)(1) and her interpretation conflicts with EEOC regulations; (3) Plaintiff's failure to link the allegations in her Amended Complaint to her charges of discrimination indicates she has not met the conditions precedent necessary to file suit; and (4) Plaintiff failed to address the Court's Order regarding her Section 1983 claims, conceding these points. ECF No. [56].

In its Order, the Court noted

> [a]lthough Plaintiff acknowledges that she received at least one Notice of Right to Sue from the EEOC before October 10, 2024, Plaintiff argues that the Notice was improperly issued because only the Department of Justice has the statutory authority to issue a right to sue against a municipality. *Id*. at 2 (citing *Dague v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 328 (N.D. Ga. 1983)). In *Dague*, the district court interpreted 42 U.S.C. § 2000e-5(f)(1) as requiring "the plaintiff [to] first obtain a right to sue notice from the Attorney General, not the EEOC. The EEOC has no authority under this section to issue a right to sue notice against a governmental unit." 99 F.R.D. at 328.

ECF No. [54] at 10.

However, the Court rejected Plaintiff's argument that only the Department of Justice has the statutory authority to issue a notice of right to sue against a governmental unit. ECF No. [54]. Instead, the Court agreed with Defendant's argument that it was bound by *Stamper v. Duval County School Board*. *Id.* (citing *Stamper v. Duval County School Board*, 863 F.3d 1336 (11th Cir. 2017)). In *Stamper*, the plaintiff received a Notice of Right to Sue from the EEOC but failed to file suit within the 90-day period. 863 F.3d at 1338. Two years after receiving the first Notice

of Right to Sue, Stamper filed a request for reconsideration with the EEOC, which vacated the dismissal of her first charge. *Id.* The Department of Justice later granted Stamper's request for a new Notice of Right to Sue and Stamper filed suit within 90 days of the second notice. *Id.* However, "the district court dismissed Stamper's complaint as untimely because she failed to file it within 90 days of receiving the first notice of her right to sue and failed to establish that she was entitled to equitable tolling of the limitations period." *Id.* The Eleventh Circuit concluded that the second Notice of Right to Sue failed to revive the limitation period because 29 C.F.R. § 1601.19(b), the regulation that permits the EEOC to reconsider a decision to dismiss a charge,

> makes clear that the Commission lacked the authority to revive Stamper's claim of discrimination; that is, neither the Commission nor the Department of Justice had the authority to issue Stamper a new notice of her right to sue the Board . . . The regulation contemplates the issuance of a new notice of the right to sue only when the original notice was revoked, which means that the regulation does not allow the Department of Justice to issue a new notice of the right to sue when the original notice was *not* revoked.

*Stamper*, 863 F.3d at 1340.

Defendant argues that Plaintiff has not met her burden on a motion for reconsideration because she "merely recycles her primary argument regarding the timeliness of her claims from her Response[,]" ECF No. [56] at 5. However, Plaintiff argues that the Motion should be granted because she did not have the opportunity to rebut Defendant's reliance on *Stamper*. ECF No. [57] at 3. Therefore, Plaintiff avers that she was only able to argue thar *Stamper* is distinguishable for the first time in this Motion. Indeed, as Plaintiff notes, Defendant first raised *Stamper* in its Reply in support of its Motion to Dismiss. *Id.* (citing ECF No. [45] at 2). Plaintiff argues that the Court's ruling "appears to rest upon a misapprehension—that the EEOC's notice was validly issued and legally effective to trigger the statute of limitations." ECF No. [55] at 1. As Defendant correctly points out, "there are three major grounds which justify reconsideration:

4

(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Plaintiff asserts that the Court "lacked full briefing [which] has led this court into error." ECF No. [55] at 6. Accordingly, Plaintiff has asserted a proper basis for reconsideration.

Plaintiff is correct that *Stamper's* analysis relied upon an EEOC regulation that "permits the Commission to reconsider a decision to dismiss a charge," not the text of 42 U.S.C. § 2000e-5(f)(1)[1], in determining that a second Notice of Right to Sue, issued by the DOJ, did not revive the 90-day limitations period. *Stamper*, 863 F.3d at 1340 ("The regulation makes clear that the Commission lacked the authority to revive Stamper's claim of discrimination; that is, neither the Commission nor the Department of Justice had the authority to issue Stamper a new notice of her right to sue the Board."). Because *Stamper* "assumed the EEOC had authority to issue the first notice[,]" the question addressed in *Stamper* was "whether the EEOC regulations allowed a second notice to revive an expired limitations period." ECF No. [57] at 7. Therefore, *Stamper* "did not address—and had no occasion to decide—whether the issuing agency possessed statutory authority under § 2000e-5(f)(1) to issue the first notice against a governmental entity." *Id*. Although Defendant argues that a plain reading of Section 2000e-5(f)(1) yields the conclusion that either the EEOC or the Attorney General may issue a Notice of Right to Sue in a case against a government entity, the Eleventh Circuit has interpreted the statute otherwise.

---

[1] Section 2000e-5(f)(1) states, in part, that "[i]f a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, **the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision**, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . ." 42 U.S.C. § 2000e-5(f)(1) (emphasis added).

Indeed, the Eleventh Circuit has stated that under Section 2000e-5(f)(1), "a person seeking to file a Title VII lawsuit against a government, governmental agency, or political subdivision, must first be issued a right-to-sue letter by the Attorney General of the United States." *Solomon v. Hardison*, 746 F.2d 699, 701 (11th Cir. 1984) (citing *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1524 (11th Cir. 1983)); *Langston v. Lookout Mountain Cmty. Servs.*, 775 F. App'x 991, 996 (11th Cir. 2019) ("When a putative plaintiff wishes to sue a 'government, governmental agency, or political subdivision' under Title VII, § 706(f)(1) requires her to obtain a right-to-sue letter from the U.S. Attorney General.") (quoting 42 U.S.C. § 2000e-5(f)(1)). Although Defendant cites *Dougherty v. Barry*, in which the D.C. Circuit determined that "the statutory language and structure [of Section 2000e-5(f)(1)] contemplate[s] that the Commission will issue right to sue notices in cases involving a governmental unit when it does not find probable cause[,]" 869 F.2d 605, 611 (D.C. Cir. 1989), the Eleventh Circuit "has not adopted the D.C. Circuit's interpretation [of Section 2000e-5(f)(1)]." *Langston*, 775 F. App'x at 996 n.9.

Furthermore, Plaintiff argues that the regulation upon which Defendant relies, 29 C.F.R. § 1601.28(d), supports Plaintiff's position. Although 29 C.F.R. § 1601.28(d) states "[i]n all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission will issue the notice of right to sue when there has been a dismissal of a charge[,]" the regulation further states that "[i]n all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue." 29 C.F.R. § 1601.28(d). Plaintiff states that Section 1601.28(d)(1) applies to the instant case because "there has been a finding of reasonable cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action[.]" *Id.* § 1601.28(d)(1). Therefore, Plaintiff argues that the applicable EEOC regulation also would have

required the Attorney General to issue the Notice of Right to Sue and any Notice issued by the EEOC would not have started the 90-day limitations period. ECF No. [57] at 5.

The Court agrees with Plaintiff and based on binding caselaw from the Eleventh Circuit, "[u]nder the provisions of 42 U.S.C.A. § 2000e-5(f)(1), a right-to-sue letter must be issued by the United States Attorney General because this case involves 'a government, governmental agency, or political subdivision.'" *Fouche*, 713 F.2d at 1524. Although Plaintiff may have received prior Notices of Right to Sue purporting to give Plaintiff 90 days from the date of receipt to file suit, 29 C.F.R. § 1601.28(d) "directly contradict[s] the statutory language of 42 U.S.C.A. § 2000e–5(f)(1)." *Id.* As other courts in this Circuit have recognized "notwithstanding the EEOC's regulation, and notwithstanding any letter from the EEOC to the contrary, courts in this circuit adhere to the statute's text and require plaintiffs to get letters from the Attorney General to sue governmental entities." *Hadley v. Coffee Cnty. Comm'n*, No. 1:20-cv-733, 2022 WL 2346897, at *2 (M.D. Ala. June 29, 2022).

Plaintiff alleged in the Amended Complaint that "the EEOC found reasonable cause to believe violations of Title VII occurred, . . . . [t]he EEOC's conciliation efforts were unsuccessful, and the case was forwarded to the Department of Justice, which declined to file suit on October 10, 2024, issuing a Notice of Right to Sue." ECF No. [38] ¶¶ 22-23. Plaintiff then filed suit on January 6, 2025, 88 days after receiving the Notice of Right to Sue. Therefore, Plaintiff alleged that she filed suit within the 90-day filing period. *See* ECF No. [55] at 2.

Nevertheless, Defendant points out that the Court also dismissed the Amended Complaint on the grounds that "Plaintiff does not clarify which EEOC Charge Number is associated with the Notice of Right to Sue she alleges was issued on October 10, 2024, nor does she attach the Notice of Right to Sue." ECF No. [54] at 10. Therefore, the Court found that it was "not possible

to determine on the face of the Complaint whether any Title VII claims are timely." *Id*. at 11 (quoting ECF No. [28] at 10). Indeed, although Plaintiff timely filed suit based on the allegation that she received a Notice of Right to Sue from the Department of Justice on October 10, 2024, it is not clear which allegations were related to the Notice of Right to Sue. Because Plaintiff did not attach the October 10, 2024 Notice to the Amended Complaint and Defendant attached to its Motion to Dismiss multiple charges of discrimination filed by Plaintiff since 2021,[2] it is not possible to determine which charge is associated with the October 10, 2024 Notice. *See* ECF No. [54] at 9-10 & n.1. While true, in light of the Court's "strong preference for deciding cases on the merits[,]" Plaintiff will be given one last opportunity to amend her Complaint as to her Title VII claims.[3] *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Rehearing, **ECF No. [55],** is **GRANTED**.

2. The parties shall file Notice Scheduling Mediation on or before **January 13, 2026.**

3. Plaintiff shall file a Second Amended Complaint, solely as to her Title VII counts, on or before **January 13, 2026.**

---

[2] The Court found that it could consider the charges of discrimination filed by Plaintiff since 2021 and the Notices of Right to Sue without converting the Motion to Dismiss into a motion for summary judgment because the documents are "(1) central to the plaintiff's claim; and (2) undisputed . . . . 'Undisputed' in this context means that the authenticity of the document is not challenged." ECF No. [54] at 9 n.1 (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citation omitted)).

[3] Defendants argue, and Plaintiff does not dispute, that the Motion for Reconsideration was solely as to the Court's dismissal of Plaintiff's Title VII claims. ECF Nos. [56] at 10; [57] at 9. Therefore, Plaintiff's Section 1983 Claims remain dismissed with prejudice.

Case No. 25-cv-20048-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida on December 30, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record